UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ABSOLEM STEVEN-JAMAR THOMAS,**

    **Petitioner,**

v.

Case No. 1:04-cv-482
Hon.  Gordon J. Quist

**BARBARA BOUCHARD,**

    **Respondent.**

                                     /

**REPORT AND RECOMMENDATION**

Petitioner, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.     Background**

On April 14, 1999, petitioner pled guilty to one count of breaking and entering with the intent to commit larceny. Plea Trans.  On June 15, 1999, he was sentenced to a term of imprisonment of 1 to 10 years.  *See* docket no. 13.  Petitioner did not appeal his conviction.

On March 19, 2001, petitioner filed a motion for relief from judgment pursuant to MCR 6.500 *et seq*.  *See* Kent Circuit Court docket sheet No. 97-02757-FH (docket no. 13).  On January 9, 2002, petitioner advised the Kent Circuit Court that he had not received a response to his motion for relief from judgment and requested information to resubmit it.  *See* Letter (1/9/02) (Docket no. 17).  Petitioner filed a second or amended motion for relief from judgment on March 25, 2002. (Docket no. 17).  The trial court never expressly ruled on the March 19, 2001 motion, but denied the March 25, 2002 motion in an order entered May 7, 2003. (Docket no. 17).  In its

order, the court noted that the motion, though filed on March 25, 2002, was not submitted to the court for consideration until May 5, 2003. *Id.*

Petitioner appealed the trial court's May 7, 2003 order to the Michigan Court of Appeals, which denied the appeal for failure to file a conforming application. *People v. Absolem Steven Jamar Thomas*, No. 248698 (Mich. App. Oct. 1, 2003). (Docket no. 17). The Michigan Supreme Court denied petitioner's application for leave to appeal on April 30, 2004. *People v. Absolem Steven-Jamar Thomas*, No. 125103 (Mich. April 30, 2004). (Docket no. 18).

In a separate appeal related to petitioner's criminal conviction, the trial court denied petitioner's motion for the preparation of transcripts at public expense on December 11, 2001. (Docket no. 13). Petitioner appealed the order denying preparation of transcripts, but the appeal was dismissed for failure to pursue it in conformity with the rules. *People v. Thomas*, No. 245333 (Mich. App. Feb. 26, 2003). (Docket no.15).

Petitioner then filed his pro se habeas petition on July 16, 2004 seeking habeas relief on the following issues:

I. Ineffective Assistance of Trial Counsel.

Counsel advised [petitioner] to plead guilty pursuant to a specific plea agreement he was proposing to the prosecution, and then failed to appear on behalf of [petitioner] at the guilty plea proceeding and sent in substitute counsel who led [pettioner] to believe such a plea agreement was in order and to which [petitioner] pled guilty, when in reality such a plea agreement was not in order, and/or followed as to its terms involving a specific sentence.

II. Ineffective Counsel.

Counsel, following objection to the Sentencing Guideline Score did not follow through to insure that it was fully or completely corrected for purpose of sentencing [petitioner].

2

> III. Failure to provide [petitioner] with an evidentiary hearing or his case transcripts following repetitive attempts and [petitioner's] diligence to obtain same has impeded appeal and other legal remedy available.
>
> [Petitioner] was not properly appraised of application for leave to appeal or any time limitations for such an application, by counsel, and the judge's brief statement made during the guilty proceeding led [petitioner] to believe that he had no right to appeal. [Petitioner] filed numerous pleadings and motions in pro se attempting to obtain an evidentiary hearing and his case transcripts for purposes of appeal, in addition to requesting counsel in his motion for relief from judgment, and separate motion for appointment of appellate counsel following his motion for relief from judgment, all of which were denied by the trial court.

Petition at ¶ 12.

On June 23, 2005, the United States Supreme Court issued its decision in *Halbert v. Michigan*, 545 U.S. 605, in which it found that Michigan's scheme for the discretionary appellate review of guilty pleas was flawed, and held "that the Due Process and Equal Protection Clauses require the appointment of counsel for defendants, convicted on their pleas, who seek access to the first-tier review in the Michigan Court of Appeals." *Halbert*, 545 U.S. at 610.

On August 22, 2005, petitioner notified the court of his intent to seek additional relief in the Michigan Court of Appeals, when he filed a copy of his request for appointment of an appellate attorney from the Kent County Circuit Court "under *Halbert v. Michigan*." *See* docket no. 21. The court construed the filing as both a notice to this court of petitioner's intent to pursue another state appeal and as a request for appointment of counsel in this court. The court denied petitioner's request for counsel as it pertained to this suit. *See* docket no. 30.

On October 17, 2005, respondent moved to hold this case in abeyance pending the Sixth Circuit's decision in *Simmons v. Metrish*, No. 03-2609, on the ground that *Simmons* would address a key issue in petitioner's case, i.e., the failure of the trial court to appoint appellate counsel.

*Simmons* was on remand from the United States Supreme Court "for further consideration in light of *Halbert v. Michigan.*" *Simmons v. Metrish*, 125 S. Ct. 2989 (June 28, 2005). In his response to this motion, petitioner re-iterated his position that Halbert applied to his suit, stating in pertinent part:

> **Petitioner was not afforded the same opportunity to appeal his conviction as other criminal defendants similarly situated, simply because he pleaded guilty.**
>
> The Petitioner did not file in the COA [Michigan Court of Appeals]. The Petitioner did not filed in the Michigan Supreme Court. This is attributed to the fact that Petitioner did not believe that he was eligible to go into these courts . . . .
>
> Is the Petitioner eligible to receive an attorney at this stage of the appellate process? **The Petitioner says yes. After all, it is not the Petitioner's fault that he was not given counsel. He was denied unconstitutionally.** It is incumbent upon the Court to remedy any unconstitutional error that may arise. . . .

*See* docket no. 28 (emphasis in original). The court denied respondent's motion.[1] Respondent filed her answer on April 14, 2006.

The court takes judicial notice that petitioner filed a delayed application for leave to appeal to the Michigan Court of Appeals on September 13, 2006. *See People v. Absolem Steven-Jamar Thomas*, No. 272984.[2] The Michigan Court of Appeals docket sheet reflects that petitioner appealed from his conviction in this case, Kent County Circuit Court No. 97-002757-FH, specifically Judge Donald A. Johnston's order entitled "Appellate Counsel Denied." *Id.*, docket sheet entry no. 2. The Michigan Court of Appeals denied petitioner's application for leave to appeal "for lack of merit on the grounds presented." *Id.* (Order, Nov. 30, 2006). Petitioner filed an

---

[1] *Simmons* remains unresolved as of the date of this report and recommendation. The Sixth Circuit's initial opinion *sub nom Simmons v. Kapture*, 474 F.3d 869 (6th Cir. 2007), was recently vacated pending a rehearing en banc. *See Simmons v. Kapture*, No. 03-2609 (6th Cir.) (Order, May 15, 2007).

[2] This appeal does not appear in the Rule 5 materials.

application for leave to appeal to the Supreme Court on January 3, 2007. *Id.*, docket sheet entry no. 16. The application in the Michigan Supreme Court, *People v. Absolem Steven-Jamar Thomas*, No. 132845, remains pending.

## II.     Exhaustion

Petitioner seeks relief under 28 U.S.C. §2254, which provides that "a district judge shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Before petitioner may seek such relief in federal court, however, he must first fairly present the substance of his claims to all available state courts, thereby exhausting all state remedies. *Picard v. Connor*, 404 U.S. 270, 277-78 (1981); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see* 28 U.S.C. §2254(b)(1)(A). A habeas petition containing unexhausted claims should be dismissed without prejudice. *See Rose v. Lundy*, 455 U.S. 509, 518-20 (1982).

The Michigan appellate courts have allowed petitioner to seek additional relief from his conviction. A major issue in this case, i.e., petitioner's right to appellate counsel to pursue an appeal of his guilty plea, is pending before the Michigan Supreme Court. Petitioner's claims with respect to his guilty plea and conviction remain unexhausted in the state courts. Accordingly, this petition should be dismissed without prejudice. *Rose*, 455 U.S. at 518-20.

### V.   Recommendation

I respectfully recommend that petitioner's habeas petition be **DISMISSED** without prejudice.  Rule 8, Rules Governing § 2254 Cases in the United States District Courts.


Entered:  July 3, 2007                             /s/ Hugh W. Brenneman, Jr.
                                                   HUGH W. BRENNEMAN, JR.
                                                   United States Magistrate Judge


ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).